UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P172-R

**FREDERICK C. JACKSON**                                                                **PETITIONER**

v.

**GARY BECKSTROM, WARDEN**                                                      **RESPONDENT**

## MEMORANDUM OPINION

Proceeding without the assistance of counsel, Petitioner Frederick C. Jackson initiated this action by filing a handwritten document on his own paper.  In the document, he indicated that he was filing a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Notice of Appeal Under C.P.P. 3.13, C.P.P. 17.4" and further stated that he "be granted a writ of habeas corpus for a new trial under Rcr 11.42 upon which time served is taking into consideration as is the record on appeal."  He also mentioned good-time credit.  In the caption, he did not provide the name of this Court; rather, he provided the name of a Kentucky state court  – "McCracken Circuit Court, Division No. II" – and referenced Indictment No. 05-CR-00500.

A review of the petition left the Court uncertain as to what relief Petitioner was seeking from this federal Court.  Consequently, by Order entered November 23, 2011, the Court directed Petitioner to clarify what relief he seeks.  The Court ordered that if Petitioner seeks to file a petition for writ of habeas corpus pursuant to § 2254, he must file his petition on a Court-supplied § 2254 form and either pay the $5.00 filing fee or file an application to proceed without prepayment of fees and must clearly indicate whether he is challenging a conviction, loss of good-time credit or a failure to receive credit for good time, or something else.  The Court

warned Petitioner that his failure to comply within 30 days would result in dismissal of this action.

Months have passed without any response by Petitioner. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Because Petitioner failed to comply with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:


cc:    Petitioner, *pro se*
4413.005